IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:08-cv-00198-EWN-MJW

LANGSTON D. HULL, D.V.M., PH.D.,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY,
COLORADO BOARD OF GOVERNORS OF THE COLORADO STATE UNIVERSITY SYSTEM, as governing body of COLORADO STATE UNIVERSITY,
LARRY EDWARD PENLEY, individually and in his official capacity,
ANTHONY FRANK, PH.D., individually and in his official capacity,
THOMAS GORELL, PH.D.; individually and in his official capacity,
LANCE PERRYMAN, individually and in his official capacity,
STEPHEN A. BENJAMIN, DVM, PH.D.; individually and in his official capacity,
PATRICK J. BRENNAN, PH.D., individually and in his official capacity,
CAROL D. BLAIR, PH.D., individually and in her official capacity,
JOHN T. BELISLE, PH.D., individually and in his official capacity,
ROBERT P. ELLIS, PH.D., individually and in his official capacity,
BARRY J. BEATY, PH.D., individually and in his official capacity,
JULIA M. INAMINE, PH.D., individually and in her official capacity,
JEFFREY WILUSZ, PH.D., individually and in his official capacity,
EDWARD A. HOOVER, DVM, PH.D., individually and in his official capacity,
ANNE C. AVERY, DVM, PH.D., individually and in her official capacity,
DEAN C. CRICK, PH.D., individually and in his official capacity,
ALAN R. SCHENKEL, PH.D., individually and in his official capacity,
HERBERT P. SCHWEIZER, PH.D., individually and in his official capacity,
ROSELYN CUTLER, individually and in her official capacity;
JOHN D. ROOT, ESQ.; and
WICK & TRAUTWEIN, LLC, a Colorado limited liability corporation,

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**
**DN 28**

---

    Compliance with discovery in this case will involve review of Confidential Information and personal information of the parties and non-parties to this action, as well as commercially sensitive and private business or other proprietary information. In order to protect the legitimate

privacy and business interests of the parties and non-parties alike, as well as to provide the parties and counsel certain documents and information relevant or potentially relevant to the subject matter of this action, the parties agree to the following:

1. Except as otherwise provided by the provisions of the Colorado Open Records Act, COLO. REV. STAT. §24-72-201, *et seq.*, "confidential information" shall include Plaintiff's medical, educational, tax or other financial records, and proprietary information of the Plaintiff disclosed or otherwise discovered in this matter.

2. Except as otherwise provided by the provisions of the Colorado Open Records Act, COLO. REV. STAT. §24-72-201, *et seq.*, "confidential information" shall include the private information of a party including, without limitation, personal financial information, records of healthcare providers, and current and former employees' home addresses, telephone numbers and similar personal information.

3. Except as otherwise provided by the provisions of the Colorado Open Records Act, COLO. REV. STAT. §24-72-201, *et seq.*, "confidential information" shall further include commercially sensitive or proprietary information concerning Defendants' businesses including, without limitation, those portions of grant applications, grant reviews, grant awards and NIH and/or NIAID compliance reports, or similar documents which contain proprietary information.

4. Unless otherwise determined pursuant to the provisions of paragraph 7, confidential information may further include documents, depositions, and other discovery materials, and any portions or summaries of such material that are in good faith considered by a party or an individual as confidential.

5. As used in this Stipulated Protective Order, "document" shall include electronic documents and other materials as provided by FED. R. CIV. P. 34(a)(1)(A) and FED. R. EVID.

1001. A photostatic copy, draft or non-identical copy is a "document" within the meaning of this definition.

      6.     Confidential treatment may be claimed for confidential materials described above, by:

     a.     In the case of documents produced at a deposition, stating on the record a description of the documents, including exhibit number and identification number, if any.

     b.     In the case of other documents, stamping "Confidential" on the face page of the document. Such designation shall be accomplished prior to the production of documents to the opposing party.

     c.     In the case of summaries, excerpts, or exhibits prepared from confidential material, the party preparing same shall be responsible for maintaining the confidentiality of the information.

     d.     Voluminous productions may be marked in any manner agreeable to all counsel that will assure the documents can be clearly identified as Confidential information.

      7.     The party supplying information it considers to be confidential shall designate such materials as "Confidential information" in good faith. A party may object to the designation of particular documents as Confidential by giving written notice to the party designating the disputed information. The written notice shall identify the information to which objection is made. The parties will make a good faith effort to resolve the objection. If the parties cannot resolve the objection within fifteen (15) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential Material to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is filed within the fifteen (15) business days required above, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the

designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order.

Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as Confidential and subject to this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as Confidential after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. The cover page and those portions of the original transcripts that contain Confidential Material shall bear the legend "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," and shall be bound separately from the non-confidential portions of the transcript. Any deposition exhibits designated Confidential shall also be bound separately.

8. Confidential information shall not be disclosed or used for any purpose except the preparation and trial or an appeal of this matter. Documents and information designated as "confidential" by a party shall be disclosed only to counsel of record, their clerical personnel, paralegals, experts, expert consultants, financial advisors, and investigators employed by them, as well as the parties and their representatives, the Court and its employees, and stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this litigation for use in connection with this litigation.

9. Confidential documents and information may be disclosed to other persons, including witnesses, expert witnesses and/or consultants who may testify in this case, or whose assistance is required by counsel in conducting this litigation. Counsel disclosing such

information shall first inform the person that the information being disclosed is subject to this Protective Order, and shall provide a copy of said Protective Order prior to the disclosure.

10. Nothing in this Order shall prevent disclosure beyond the terms of this Protective Order if the party supplying the information consents in writing to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure. This Agreement shall not limit a party's right to use its own Confidential Information in any manner it chooses.

11. Nothing in this Protective Order shall be construed to prevent a party from using confidential information during depositions, during a Court hearing, or at the trial or on appeal of this matter. Procedures for the protection of confidential matters at trial or on appeal, if any, shall be arrived at separately by the parties or otherwise determined by the Court in advance of trial.

12. Notwithstanding any other provision of this Order to the contrary, no party is precluded from sharing any confidential information or document(s) with any lawfully constituted government or enforcement authority, pursuant to a lawful subpoena or request under the Colorado Open Records Act, provided, however, that reasonable notice shall be given to the other party prior to any such disclosure. In the event Confidential Information is used in any court filing or proceeding in this action, it shall not lose its confidential status as between the parties through such use. Confidential Information and pleadings or briefs quoting or discussing Confidential Information will not be accepted for filing "under seal" or otherwise kept out of the public record in this action, however, except by court order issued upon motion of the party seeking to file the documents under seal. Any motion requesting leave to file documents under seal shall comply with the requirements of D.C.COLO.LCivR7.2 and 7.3 and demonstrate that the Confidential Information at issue is entitled to protection under the standards articulated in

*Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-602 (1978)(applied in *United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) and *Crystal Grower's Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).

13.     Inadvertent or unintentional disclosure of confidential documents by counsel or other person(s) shall not be grounds for imposition of sanctions under this Protective Order, provided, however, that upon discovery of the inadvertent or unintentional disclosure of confidential document(s) or information, counsel shall immediately notify counsel representing the party whose document(s) and information are disclosed. Such notice shall describe with particularity the document(s) or information disclosed and the name, title and address of the person(s) to whom disclosure was made.

14.     The inadvertent or unintentional disclosure by the supplying party of confidential materials, regardless of whether the material was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific material disclosed or as to any other material relating thereto or on the same or related subject matter.

15.     Counsel shall attempt informally, in good faith, to resolve any dispute regarding this Protective Order. If a dispute cannot be resolved informally, counsel for the party claiming confidentiality shall have the right to petition the Court for further Protective Orders.

16.     Nothing in this Order shall be deemed or operate as a waiver of any privilege otherwise applicable.

17.     The provisions of this Order shall in no way affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, and this Order shall not be construed as a

waiver by any party of any objection that might be raised as to the discoverability or admissibility at trial of any document, information, or testimony.

18. Nothing in this Order shall bar or otherwise restrict any attorney from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying in a general way upon the examination of confidential material produced or exchanged herein.

19. The parties may at any time seek modification, revision, clarification, or termination of this Order, and this Order shall not otherwise preclude any party from seeking additional or different protection from the Court.

20. After the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof designated as Confidential Material shall be returned to the party that designated the material as Confidential, or the parties may elect to destroy Confidential documents.

Dated this 22nd Day of April, 2008.

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
United States Magistrate Judge

APPROVED:

*s/Lisa Sahli*
Lisa Sahli, Esq.
Ewing & Ewing PC
3601 S. Pennsylvania Street
Englewood CO 80113
Ph: (303) 761-1400
Fax: (303) 761-8100
E-mail: *lsahli17@hotmail.com*

ATTORNEYS FOR PLAINTIFF

*s/Ellis J. Mayer*
Ellis J. Mayer, Esq.
Nathan, Bremer, Dumm & Myers, P.C.
3900 E. Mexico, Suite 1000
Denver, CO 80210
Ph: (303) 691-3737
Fax: (303) 951-6637
E-mail: *emayer@nbdmlaw.com*

ATTORNEYS FOR DEFENDANTS JOHN ROOT AND WICK & TRAUTWEIN, LLC

*s/Stephanie Lindquist Scoville*
Jane R. Christman, Esq.
Stephanie Lindquist Scoville, Esq.
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver CO 80203
Ph: (303) 866-5570
Fax: (303) 866-5443
E-mail: *stephanie.scoville@state.co.us*

ATTORNEY FOR CSU DEFENDANTS