IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00198-EWN-MJW

LANGSTON D. HULL, D.V.M., PH.D.,

Plaintiff,

v.

COLORADO STATE UNIVERSITY, et al.,

Defendants.

---

**ORDER REGARDING**
**STATE DEFENDANTS' MOTION TO STAY DISCOVERY (DOCKET NO. 37)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter is before the court on State Defendants' Motion to Stay Discovery (docket no. 37). The court has reviewed the subject motion (docket no. 37), the response by Plaintiff (docket no. 47), and the response by Co-Defendants John D. Root, Esquire, and Wick & Trautwein, LLC (docket no. 46). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

Plaintiff's Complaint asserts 22 federal and state law claims against the State Defendants. Plaintiff's claims against the State Defendants include fraudulent inducement, breach of contract, promissory estoppel, interference with contract, interference with prospective business advantage, libel *per se*, negligent supervision,

violations of Title VI and Title VII of the Civil Rights Act of 1964, violations of 42 U.S.C.
§§ 1981, 1983, 1985, and 1986, violation of the Colorado Whistleblower Act § 24-
50.5.101, C.R.S., *et seq.*, wrongful termination violation of public policy, and outrageous
conduct.  In addition, Plaintiff has asserted claims against Co-Defendants John D. Root,
Esquire, and Wick & Trautwein, LLC, for legal malpractice.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. "[Q]ualified immunity is not only a defense to liability but also entitlement to immunity from suit and other demands of litigation. . . .  Discovery should not be allowed until the court resolves the threshold question whether the law was clearly established at the time the allegedly unlawful action occurred. . . .  The question is purely legal, . . . and a court cannot avoid answering the question by framing it as factual. . . .  The court must first determine whether the actions defendants allegedly took are 'actions that a reasonable [person] could have believed lawful.' . . .  If the actions are those that a reasonable person could have believed were lawful, defendants are entitled to dismissal before discovery.  If the actions

are not those that a reasonable person could have believed were lawful then discovery may be necessary before a motion for summary judgment on qualified immunity grounds can be resolved. However, any such discovery must be tailored specifically to the immunity question." Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992).

5.    The Colorado Governmental Immunity Act provides in pertinent part:

> If a public employee raises the issue of sovereign immunity prior to or after the commencement of discovery, the court shall suspend discovery; except that any discovery necessary to decide the issue of sovereign immunity shall be allowed to proceed, and the court shall decide such issue on motion. . . .

§ 24-10-118(2.5), C.R.S.

## ORDER

**WHEREFORE**, based upon the foregoing and upon careful review of the motion and responses thereto, this court **ORDERS**:

1.    That the State Defendants' Motion to Stay Discovery (docket no. 37) is **GRANTED IN PART AND DENIED IN PART**;

2.    That the Motion (docket no. 37) is **DENIED** insofar as the current outstanding written discovery requests between Plaintiff and

Defendants John D. Root, Esquire, and Wick & Trautwein, LLC, shall be answered by these parties. These parties may not serve any further written discovery requests until further Order of Court;

3.  That the Motion (docket no. 37) is **GRANTED** in that all other fact and expert discovery is **STAYED** until further Order of Court;

4.  That Plaintiff's pending Freedom of Information (FOIA) requests regarding this case are withdrawn without prejudice, and Plaintiff shall not make any further FOIA requests until after Chief Judge Nottingham has entered an Order on the outstanding Motion to Dismiss (docket no. 36);

5.  That within five (5) days following Chief Judge Nottingham's ruling on the outstanding Motion to Dismiss (docket no. 36), the parties shall jointly file a motion requesting a forthwith status conference. At such status conference, the court will discuss the appropriate scope of discovery and appropriate modifications to the scheduling order.

Done this 29th day of May 2008.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE