IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-00198-PAB-MJW

LANGSTON D. HULL, D.V.M., PH.D.,

    Plaintiff,

v.

COLORADO STATE UNIVERSITY,
COLORADO BOARD OF GOVERNORS OF THE COLORADO STATE
    UNIVERSITY SYSTEM, as governing body of COLORADO STATE
    UNIVERSITY,
LARRY EDWARD PENLEY, individually and in his official capacity,
ANTHONY FRANK, PH.D., individually and in his official capacity,
LANCE PERRYMAN, individually and in his official capacity,
THOMAS GORELL, individually and in his official capacity,
STEPHEN A. BENJAMIN, DVM, PH.D., individually and in his official capacity,
PATRICK J. BRENNAN, PH.D., individually and in his official capacity,
CAROL D. BLAIR, PH.D., individually and in her official capacity,
JOHN T. BELISLE, PH.D., individually and in his official capacity,
ROBERT P. ELLIS, PH.D., individually and in his official capacity,
BARRY J. BEATY, PH.D., individually and in his official capacity,
JULIA M. INAMINE, PH.D., individually and in her official capacity,
JEFFREY WILUSZ, PH.D., individually and in his official capacity,
EDWARD A. HOOVER, DVM, PH.D., individually and in his official capacity,
ANNE C. AVERY, DVM, PH.D., individually and in her official capacity,
DEAN C. CRICK, PH.D., individually and in his official capacity,
ALAN R. SCHENKEL, PH.D., individually and in his official capacity,
HERBERT P. SCHWEIZER, PH.D., individually and in his official capacity,
ROSELYN CUTLER, individually and in her official capacity,
JOHN D. ROOT, ESQ. and
WICK & TRAUTWEIN, LLC,

    Defendants.
_____

**ORDER GRANTING MOTION TO AMEND**
_____

This matter is before the Court on the second motion to amend the complaint by plaintiff Langston D. Hull, D.V.M., Ph.D. [Docket No. 99]. Dr. Hull filed this motion to amend several months after the defendants had submitted and fully briefed motions seeking judgment in their favor on the myriad claims against them. The Court recognizes the cost and inconvenience that granting the motion to amend will impose on the defendants. However, given the liberal rules favoring amendment, the present posture of the litigation, and the strong interest in having cases determined on the merits, the motion will be granted.

## I.  BACKGROUND

This is an employment discrimination case arising out of the termination of Dr. Hull from his position at Colorado State University. Dr. Hull, who is African-American, brought suit against CSU, its governing board, and numerous faculty and administrators (the "State defendants"), alleging that they induced him to accept a position at the university by falsely promising facilities, funding, and support, all the while knowing that the true reason for his recruitment was simply to include him as a "minority participant" on certain grant applications. Dr. Hull further alleges that during his three years at CSU, he was treated differently than the white faculty members, had his scholarship and reputation disparaged, was retaliated against, and was eventually terminated because of his race. Dr. Hull also brought suit against his former legal counsel, John D. Root, Esq. and Wick & Trautwein, LLC (the "Law Firm defendants") alleging negligence in the way his case was initially handled.

Dr. Hull filed his original complaint on January 30, 2008. *See* Compl. [Docket No. 1]. The 93-page complaint contained 24 claims asserted against the defendants in

various combinations. A few months later, Dr. Hull sought and was granted leave to file an amended complaint. *See* Pl.'s Mot. to Am. Compl. [Docket No. 33] ("Mot. to Amend"); Minute Order [Docket No. 54]. According to Dr. Hull, this first amended complaint "contain[ed] primarily non-substantive changes," Mot. to Am. ¶ 4, although it did include a new, twenty-fifth claim for relief, *id.* ¶ 7. With this new claim, the complaint reached 96 pages containing 520 paragraphs of allegations. *See* Am. Compl. [Docket No. 55]. Shortly after this first amended complaint was filed, Magistrate Judge Watanabe stayed discovery in this matter. [Docket No. 58].

The defendants challenged each of Dr. Hull's claims. The State defendants filed a 52-page motion to dismiss, raising arguments of jurisdiction, timeliness, and immunity, and attacking the specificity of Dr. Hull's pleadings. *See* Am. Mtn to Dismiss [Docket No. 56]. The State defendants later filed a second motion to dismiss aimed at Dr. Hull's twenty-fifth claim for relief. *See* Mot. to Dismiss 25th Claim For Relief [Docket No. 63]. The Law Firm defendants moved for summary judgment, asserting, by way of a 31-page brief, various defenses to Dr. Hull's claims of professional negligence. *See* Mot. for Summ. J. [Docket No. 72]; Br. in Support of Mot. for Summ. J. [Docket No. 72-2].

Dr. Hull vigorously resisted these motions. He filed a 109-page brief in opposition to the State defendants' motion to dismiss, *see* Pl.'s Resp. to Am. Mot. to Dismiss [Docket No. 68], and a nearly 30-page response to the Law Firm defendants' motion for summary judgment, *see* Pl.'s Resp. to Mot. for Summ. J. [Docket No. 91]. The defendants submitted detailed replies. While the Law Firm defendants' brief came

in at under 20 pages, *see* Reply Br. in Support of Mot. for Summ. J. [Docket No. 94], the State defendants, perhaps understandably, filed a 60-page reply to Dr. Hull's opposition, *see* Reply in Support of Am. Mot. to Dismiss [Docket No. 71]. After the motions were fully briefed, this case was reassigned to me. [Docket No. 98.]

Several months later, in late January 2009, Dr. Hull sought leave to file a second amended complaint. *See* Pl.'s 2d Mot. to Am. Compl. [Docket No. 99] ("2d Mot. to Am."). The attached proposed complaint, while removing some defendants and asserting two fewer claims for relief, has now grown to a 103-page, 600 paragraph tome. Moreover, as the State defendants note, the new complaint contains extensive revisions that make it difficult to compare to the operative first amended complaint. Dr. Hull argues that the revisions are in response to his discovery of additional facts – and particularly the "Department Code" governing the university's management structure – that permits him to plead the roles of the individual defendants with more detail and specificity. *Id.* ¶¶ 3-5, 9-22. The defendants object to the proposed amendment. *See* State Defs.' Resp. to Pl.'s 2d Mot. to Am. Compl. [Docket No. 100] ("State Defs.' Opp."); Defs. John D. Root, Esq. and Wick & Trautwein, LLC's Joinder in State Defs.' Resp. to Pl.'s 2d Mot. to Am. Compl. [Docket No. 101] ("Law Firm Defs.' Opp.").

## II. ANALYSIS

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Because Dr. Hull has already amended once, and because the defendants oppose the most recent amendment, he must seek the Court's leave to file this second amended complaint. Fed. R. Civ. P. 15(a). Pursuant to Rule 15, "[t]he court should freely give

leave when justice so requires." *Id.* at 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

The State defendants object to Dr. Hull's request to amend primarily on the grounds of delay and prejudice. They note that they have already spent "hundreds of hours" studying the operative first amended complaint and drafting their motion to dismiss. State Defs.' Opp. at 4. They further point out that Dr. Hull did not seek to correct any pleading deficiencies in response to their motion to dismiss, but instead stood on his pleading and filed a 100-plus page opposition. *Id.* at 4-5. Dr. Hull then waited months before proposing his second amended complaint. *Id.*

While I am sympathetic to these arguments and am particularly sensitive to the time and money that the defendants have invested in preparing their case, the Tenth Circuit has made clear that "the expenditure of time, money, and effort alone is not grounds for a finding of prejudice." *Bylin v. Billings*, 568 F.3d 1224, 1230 (10th Cir. 2009). This litigation is still in its early stages, discovery has been stayed, and the proposed amendment seeks to clarify claims rather than to add new theories. The defendants are not unduly prejudiced by this amendment. *Compare, e.g.*, *Hom v.*

*Squire*, 81 F.3d 969, 973 (10th Cir. 1996) (finding prejudice where plaintiff sought to add an "entirely new and different claim to his suit little more than two months before trial").

Moreover, Dr. Hull has articulated a reason for amendment at this time. His discovery of the Department Code, which, he claims, revealed previously unknown facts pertaining to the university's organization and management, allowed him to detail the specific roles of the numerous individual defendants in the events giving rise to his claim. Despite the State defendants' claim that Dr. Hull must have known about the Code given that he worked in the department for three years, Dr. Hull contends that he did not discover the document until January 2009, shortly before he filed the present second motion to amend. *See* Pl.'s Combined Reply to Defs.' Responses to Pl.'s 2d Mot. to Am. Compl. [Docket No. 104] at 2-3. With no evidence to the contrary, I accept Dr. Hull's statement. Further, Dr. Hull's attempt to more clearly outline the actions of the defendants appears to be a response to the State defendants' argument, in their motion to dismiss, that Dr. Hull's first amended complaint lacked the requisite specificity as to each individual actor. Under these circumstances, a finding of undue delay would be inappropriate. *See, e.g.*, *Minter*, 451 F.3d at 1205 (noting that, in the context of undue delay, "[e]mphasis is on the adjective: 'Lateness does not of itself justify the denial of the amendment'" (quoting *R.E.B., Inc. v. Ralston Purina Co.*, 525 F.2d 749, 751 (10th Cir. 1975))); *see also id*. at 1206 ("Th[e] [Tenth Circuit] . . . focuses primarily on the reasons for the delay. We have held that denial of leave to amend is

appropriate 'when the party filing the motion has no adequate explanation for the delay.'" (quoting *Frank v. U.S. West*, 3 F.3d 1357, 1365-66 (10th Cir. 1993))).[1]

In addition to joining the arguments made by the State defendants, the Law Firm defendants contend that because the deadline for amending the pleadings has passed, Federal Rule of Civil Procedure 16 requires Dr. Hull to show "good cause" to amend. Law Firm Defs.' Opp. at 2-3; *see also* Fed. R. Civ. P. 16(b)(4) (noting that scheduling order "may be modified only for good cause and with the judge's consent"). Implicit in this argument is the assumption that Rule 16's "good cause" standard is more demanding than Rule 15's "freely give[n] . . . when justice so requires" test. *See Bylin*, 568 F.3d at 1231 (noting that Rule 16 articulates "an arguably more stringent standard than the standards for amending a pleading under Rule 15"). Assuming that Rule 16 is at issue, *see id.* at 1231 n.9 (noting that, although most circuits have held that a post-deadline amendment implicates Rule 16, this is an open question in the Tenth Circuit), I find that it does not bar amendment here.

First, it is not clear that the amendment deadline should be deemed to have expired. Although the parties' scheduling order set June 2, 2008 as the deadline for amendment of pleadings, *see* Scheduling Order [Docket No. 17] at 10, this scheduling order was approved before any dispositive motions were filed. On May 29, 2008, the magistrate judge stayed discovery pending decision on the State defendants' motion to dismiss. [Docket No. 58]. The parties were explicitly ordered to set a status conference

---

[1] The State defendants suggest that, if the second motion to amend is granted, they will seek an award of fees and costs. State Defs.' Opp. at 8. I do not construe this as a formal motion and thus express no opinion on the request at this time.

7

following that decision at which time "appropriate modifications to the scheduling order" would be discussed. *Id.* This history suggests that the amendment deadline was effectively vacated and would be revisited after the ruling on dismissal.

Second, even if the deadline has expired, good cause has been shown. Good cause generally "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Minter*, 451 F.3d at 1205 n.4. There is a "'rough similarity' between the 'undue delay' standard of Rule 15 and the 'good cause' standard of Rule 16." *Bylin*, 568 F.3d at 1231 (quoting *Minter*, 451 F.3d at 1205 n. 4). As discussed above, Dr. Hull contends that he prepared his second amended complaint to address with more specificity the roles of each of the individual defendants in this case and that he did so shortly after discovering the Department Code that laid out those roles and responsibilities. I find this to be an "adequate explanation" and thus sufficient to meet the requirements of Rule 16.

### III. CONCLUSION

Rule 15 evinces a policy of permitting plaintiffs to present their case in the most accurate and complete way, so long as it does not unduly prejudice defendants. Thus, Dr. Hull must be given the opportunity to test the allegations in his second amended complaint. Accordingly, it is

ORDERED that plaintiff's second motion to amend [Docket No. 99] is GRANTED. The Clerk is directed to enter the second amended complaint [Docket Nos. 99-3 & 99-4] as of the date of this Order. It is further

ORDERED that the State defendants' amended motion to dismiss [Docket No. 56], the State defendants' motion to dismiss plaintiff's 25th claim for relief [Docket No. 63], and the motion for summary judgment [Docket No. 72] are DENIED as MOOT. This denial is without prejudice to refiling these or any other appropriate motions addressing plaintiff's second amended complaint. The parties are reminded that, absent leave, my practice standards limit motions to dismiss to fifteen pages and motions for summary judgment to twenty pages. See Practice Standards (Civil cases), Judge Philip A. Brimmer §§ III.A, III.F.3.a.

DATED February 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge